CANNELLA, Judge.
Defendant, Lionel Lewis, after having his original sentences vacated because the sentence for one offense was illegally lenient, appeals from his resentencing to the same term of years, imposed with the added condition that it be served without benefit of parole, probation or suspension of sentence.[1] For the reasons which follow, we vacate the sentences and remand the case for further proceedings.
Originally, defendant was charged, in separate bills of information, with the crimes of theft of a vehicle valued at over $500, a violation of La.R.S. 14:67 (District Court No. 90-281), and armed robbery, a violation of La.R.S. 14:64 (District Court No. 90-524). On May 22, 1990, defendant entered into a plea agreement with the state and pled guilty to both charges with the understanding, as provided in the guilty plea form, that he would be sentenced, on the armed robbery charge, to “12 years imprisonment at hard labor. No multiple bill will be filed by the state, 3 years of active probation to follow sentence as indicated in case number 90-281.” On the theft charge, the plea agreement provided “4 years, sentence to run concurrent to the sentence imposed in case number 90-524 with 3 yrs active probation to follow sentence. No Multiple bill.” Thereafter, the trial court accepted defendant’s guilty pleas to the two offenses and sentenced defendant in accordance with the plea agreement to “twelve years at hard labor” for the armed robbery and “four years at hard labor” for the theft, the sentences to run concurrently. The court further provided, concerning the armed robbery sentence, “[a]fter you’re released, there will be a three year active probation.”
Upon defendant’s arrival at Hunt Correctional Institute, defendant was provided information concerning his release date which indicated that he was ineligible for parole since he was sentenced for armed robbery under La.R.S. 14:64, which provides that the *249 sentence imposed be without benefit of parole, probation or suspension of sentence.
Defendant then filed an application for post conviction relief. In it he argued that his sentence for armed robbery was illegally lenient, in that it did not provide that his sentence be served without benefit of parole, probation or suspension of sentence as required by law. He therein requested that he be resentenced to a legal sentence for a term of years without benefit of parole, probation or suspension of sentence. In response to this application, this court, on May 18, 1992, issued an order for defendant to be resen-teneed for both offenses.[2]
On July 6, 1992, the trial judge, who had imposed the original sentence, resenteneed defendant to the same term of years (twelve) at hard labor, with the added condition that they be served without benefit of parole, probation or suspension of sentence. He also deleted the three year probation requirement from the sentence on each offense. Prior to the resentencing, no witnesses were called. Appointed defense counsel presented argument that the sentence was not intended to be without benefit of probation since defendant was in fact sentenced to probation for three years after serving his required time. Defense counsel also pointed out that defendant’s guilty plea form expressly provided that defendant was only ineligible for parole for the first five years of his sentence. The form was signed by defendant, defense counsel and the trial judge. Therefore, defense counsel argued that the evidence clearly indicated that it was not intended that defendant serve the entire twelve years without benefit of parole, probation or suspension of sentence. In reaching his decision on resentencing, the trial judge noted:
Well, I can say for sure I have never given a sentence on an armed robbery that I did not intend without benefit of parole, probation or suspension of sentence be for the entire sentence. I’ve never sentenced anyone that way. So I’m sure my intent on this was I didn’t make exception here. But I never have, as far as I know.
So, I’m just going to re'sentence the Defendant to the same sentence as previously sentenced and just change, with reference to the armed robbery, without benefit of parole, probation or suspension of sentence. But I’m going to void the probation, the three years probation after the sentence. I’ll void that.
Defendant sought writs from the July 6, 1992 resentencing. However, under La. C.Cr.P. art. 912, defendant has a right to appeal from a judgment imposing sentence. And, under La.C.Cr.P. art. 881.1, a motion to reconsider sentence is to be filed with the district court when the sentence is objected to by either the state or the defendant. Accordingly, in acting on defendant’s writ application, this court granted the writ and provided:
Relator complains that the sentence imposed at the resentencing, conducted on July 6, 1992 is more onerous than the sentence originally imposed and is in direct violation of the plea agreement. This writ is granted for the limited purpose of remanding the case to the district court for consideration of this application as a motion to reconsider sentence, and if denied then for consideration as an out of time appeal, (emphasis added)
State ex rel Lewis v. McManus, No. 92-KH-889 (La.App. 5th Cir.1992).
On March 1, 1993, an out-of-time appeal was granted.
In objecting to his new sentence, defendant relies on the case of State v. Desdunes, 579 So.2d 452 (La.1991). He argues, under Desdunes, that when a person is resentenced because his original sentence was illegally lenient, the court must determine what sentence was originally intended, since the new sentence may not be more onerous than the one originally intended. Defendant argues that the court did not comply with that di *250 rective in resentencing him to the same term of years with the added condition that it be served without benefit of parole, probation or suspension of sentence. Further, defendant argues that the new sentence, as imposed, is not in accord with the plea agreement he entered into with the state, and, unless he is sentenced in conformity with the plea agreement, his guilty plea would be constitutionally infirm.
The state, in brief, appears to concede that the new sentence is not in conformity with the plea agreement. The state asks this court to vacate the second sentence and remand the matter to the district court with instructions to reinstate the original sentence, since that was the sentence agreed to by the parties in the plea agreement.
La.R.S. 14:64 requires that any sentence imposed for the crime of armed robbery be imposed without benefit of parole, probation or suspension of sentence. Therefore, defendant’s original sentence for armed robbery, to twelve years at hard labor, without the condition that it be served without benefit, was illegal. Upon application of defendant, the trial court must correct an illegal sentence, because an illegal sentence is, in the contemplation of the law, no sentence at all. La.C.Cr.P. art. 882. As held by the Louisiana Supreme Court in State v. Johnson, 220 La. 64, 55 So.2d 782 (1951);
In any criminal case it is the mandatory duty of the district judge upon conviction of a defendant to impose a sentence authorized or directed by law, and, if he does not impose a sentence authorized or directed by law, the sentence is illegal, and the case is in the same condition as if no sentence at all has been imposed, and it must be remanded to the district court so that the judge may impose a legal sentence.
Accordingly, the state’s position, that an illegal sentence should be reimposed, has no merit. The trial court was correct in granting defendant’s post-conviction application and vacating the original illegal sentence. A legal sentence must be imposed.
In State v. Desdunes, 579 So.2d 452 (La.1991) the Supreme Court addressed the problem of resentencing after a sentence is vacated because it is illegally lenient and provided:
Upon motion of the state or the defendant, the sentencing court should correct an illegally lenient sentence by imposing a legal sentence of a term of years to be served without benefit or parole, probation, or suspension of sentence in accordance with the mandatory provisions of the criminal statute. La.R.S. 14:64; La.C.Cr.P. art. 882; State v. Fraser, 484 So.2d 122 (La.1986).
Since correction of an “illegally lenient” sentence will usually result in a harsher sentence than that originally imposed as regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who* imposed the original sentence was that the term of years be served without benefit of parole, resen-tencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit.
In State v. Husband, 593 So.2d 1257 (La.1992), rehearing denied, 594 So.2d 1305 (La.1992), the Court elaborated further on the resentencing procedures and determined that both defendant and the prosecutor should be provided an opportunity to present their eases and that, because the resentencing judge was “actually imposing the first legal sentence in the case, he or she should also consider the sentencing guidelines applicable to sentences imposed after January 31, 1992.”
*251 The instant ease also presents additional matters for the trial court’s consideration on resentencing, because defendant’s convictions resulted from a guilty plea agreement with the state. Thus in imposing new sentences, the court must determine what was agreed upon between defendant and the state to induce the plea, because the new sentences must be in conformity with the plea agreement or the guilty plea will be rendered constitutionally infirm. State v. Dixon, 449 So.2d 463 (La.1984).
Upon review, we find that the record is inadequate for appropriate final disposition of the case by this court. The resentencing was imposed based solely on argument of counsel and the trial judge’s recollection of his general sentencing practices, without testimony or consideration of the specific facts of this ease. The record, as it presently appears, seems to negate the trial judge’s general recollections. The guilty plea form, signed by defendant, defense counsel and the trial judge, indicates that defendant was informed that he was ineligible for parole, probation or suspension of sentence for only the first five years of his sentence. While this information was erroneous, it may have formed, in part, the basis for defendant’s plea. Additionally, the record indicates that, in fact, the trial judge, in his original sentence imposed a three year probationary period, implying that the trial judge did not intend a sentence without benefit of parole, •probation or suspension of sentence. Therefore, it appears from what is before us at this time, that the sentence imposed on the armed robbery charge, when defendant was resentenced, does not conform with the plea agreement that induced defendant’s guilty plea. There is also no indication in the record that the trial judge considered the sentencing guidelines as required by Husband.
As the record presently stands, the resen-tencing does not seem to conform with what was intended by the parties at the time the guilty pleas were accepted and the original sentences were imposed. Therefore, the sentences must be vacated. However, the record is inadequate for this court to make a determination as to what was intended by the parties, so the case must be remanded for further inquiry.
Accordingly, we vacate the sentences and remand the case to the district court with instructions to conduct an evidentiary hearing before resentencing, to determine what was intended by the plea agreement, upon which defendant relied in pleading guilty, and then to either sentence defendant to a legal sentence in conformity with what was intended or to vacate the guilty plea if it is found that defendant’s pleas were induced through misunderstanding of the sentences to be imposed.

SENTENCE VACATED; CASE REMANDED.

. There are actually two separate charges, convictions and sentences involved herein. For the reasons expressed herein, the cases have been consolidated in this court for opinion.

. Because Ae plea agreement involved an agreement for both offenses together, Ae cases have been handled togeAer in district court. Therefore, on defendant’s post-conviction application concerning the legality of his sentence for armed robbery, the court vacated boA original sentences and resentenced in boA cases. While there is no argument of error concerning Ae Aeft sentence, it must noneAeless be treated in Ae same manner as Ae aimed robbery sentence because they boA formed part of Ae same plea agreement.