KING, P.J.,
for the Court:
¶ 1. John Slay (Slay) appeals the decision of the Harrison County Circuit Court dismissing his appeal for lack of jurisdiction. Slay’s appeal for full board review by the Mississippi Employment Appeals Board (MEAB) was dismissed because it was not timely filed pursuant to MEAB Rule 24(B). Aggrieved by this decision, he assigns the following error: whether the circuit court lacked jurisdiction to hear an appeal from a decision rendered by the MEAB.
FACTS
¶ 2. John Slay began work as a meat inspector with the Mississippi Department of Agriculture and Commerce (MDAC) beginning in August of 1994. During his employment, he received several warnings and reprimands about his attire, punctuality and job performance. On January 23, 1996, Robert West, director of the meat inspection division, conducted a disciplinary hearing regarding Slay’s alleged work related misconduct. In a letter dated January 26, 1996, Slay was notified that the MDAC had placed him on administrative leave with pay which extended until ten days after receipt of the letter. West stated that Slay was placed on administrative leave because of a pattern of consistent unexcused tardiness, insubordination, and falsification of records. Slay was advised to either request a formal hearing in writing within ten days after receiving the letter or waive the right and risk being terminated upon expiration of the ten days.
¶ 3. On March 7, 1996, a pre-termination hearing was held. In a letter dated March 13, 1996, the MDAC notified Slay of his termination as a meat inspector. On April 1, 1996, Slay filed a notice of appeal with the MEAB, and a hearing was scheduled for July 23, 1996. The MDAC requested a continuance because of a scheduling conflict, and the hearing was rescheduled for October 17,1996. Slay requested a continuance after he complained of chest pains and was admitted to the hospital for tests. The hearing was then rescheduled for November 21,1996.
¶ 4. The hearing was held on November 21, 1996, before a designated MEAB hearing officer. At the hearing, both parties announced that they had reached a settlement agreement. The terms of the agreement were as follows: 1) MDAC agreed to pay Slay five days of back pay in exchange for Slay’s execution of a release in favor of MDAC which would include a confidentiality clause, 2) Slay agreed to resign from his position in exchange for a neutral job recommendation from MDAC, and 3) MDAC would allow Slay to remove any adverse documents from his file and have them sealed by court order. On January 6, 1997, the MEAB filed the agreed order dismissing the case with prejudice based upon the parties’ hearing announcement that a settlement had been reached. Slay *970 disagreed with the inclusion of the release clause in the settlement, and therefore refused to execute the agreement.
¶ 5. On January Í7, 1997, Slay requested a full board review by the MEAB. Following this request, Slay’s attorney withdrew as counsel, and Slay proceeded pro se. The MDAC filed a motion to dismiss Slay’s appeal on February 19, 1997, for failure to timely request review pursuant to the MEAB administrative rules, which require notice of appeal within ten days. A hearing was held in early March, and the MEAB dismissed Slay’s appeal by written order dated March 25, 1997. One month later, Slay appealed to the Harrison County Circuit Court, which affirmed the MEAB’s decision to dismiss Slay’s appeal for lack of timeliness. Aggrieved by the circuit court’s ruling, Slay appealed to this court.
ANALYSIS OF ISSUES AND DISCUSSION OF LAW
Whether the circuit court lacked jurisdiction to hear an appeal from a decision rendered by the MEAB.
¶ 6. Slay asserts that it was error to dismiss his request for a full board review by the MEAB for lack of timeliness pursuant to MEAB Administrative Rule 24(B). Slay contends that the circuit court erred by dismissing his appeal of the denial of a full board review by the MEAB for lack of jurisdiction. Slay neither explains nor provides authority to support this position.
¶ 7. MEAB Rule 24(B) states that a party seeking a full board review must file a written request within ten calender days after the date the final order is filed by a hearing officer. In the instant case, the hearing officer filed the agreed order of dismissal on January 6, 1996. Slay filed his request for a full board review on January 17, 1996, eleven days after the final order was filed. Timely notice of appeal is a prerequisite to jurisdiction. Tandy Electronics, Inc. v. Fletcher, 554 So.2d 308, 310 (Miss.1989). Because of Slay’s failure to file timely notice of appeal, the MEAB lacked jurisdiction to hear his case, and accordingly properly dismissed the appeal. Where the MEAB lacks jurisdiction because of an appellant’s failure to give timely notice of appeal, neither the circuit court nor this court has jurisdiction to hear the substance of that appeal. Mississippi Department of Public Safety v. McKnight, 623 So.2d 249, 252 (Miss.1993). See also Bank of Edwards v. Cassity Auto Sales, Inc., 599 So.2d 579, 582 (Miss.1992).
¶ 8. Because Slay failed to follow proper procedure and timely file his appeal of this case within the ten days provided in MEAB Rule 24(B), there was no jurisdiction to entertain his appeal.
¶ 9. This Court accordingly dismisses this cause for lack of jurisdiction.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DISMISSING THE CASE FOR WANT OF JURISDICTION IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.