IRVING, J.,
for the court.
¶ 1. Brenda Roberts and Theresa Cochran challenge the Mississippi Department of Public Safety’s (the Department) termination of their employment. Both employees were dismissed for Class Three Offenses. A hearing officer for the Mississippi Employee Appeals Board (the Board) affirmed the Department’s decision, and the full Board dismissed their appeal because it was not timely filed pursuant to the rules of the Board. Roberts and Cochran also sought judicial relief in Forrest County Circuit Court. The trial court failed to rule on their appeal and on a motion filed by the Department seeking a dismissal of the appeal because of Roberts and Cochran’s failure to exhaust their administrative remedies.
¶ 2. In this appeal, Roberts and Cochran assert the following issues: (1) whether the Appellants’ petition for review should be dismissed for failure to exhaust administrative remedies and (2) whether the discipline imposed on the Appellants was disproportionate to that imposed on others *632 charged with similar violations and improperly motivated by the Appellants’ invocation of their due process rights to a hearing.
¶ 3. This Court dismisses the appeal for lack of jurisdiction.
FACTS
¶ 4. Brenda Roberts and Theresa Cochran were employees of the Mississippi Department of Public Safety and worked as driver’s license examiners.
¶ 5. The Department conducted an investigation into possible violations of the Mississippi State Employee Handbook by officers and civilian employees of the Mississippi Highway Patrol, Troop J., located in Hattiesburg, Mississippi. As a result of the investigation, Roberts and Cochran were among those individuals disciplined for giving passing scores on written, commercial driver’s license tests to applicants who either did not take the test or failed them. They also gave passing scores to applicants for the road exam portion of the commercial test who actually did not take the road exam.
¶ 6. Roberts and Cochran were charged with the following three Group III offenses:
1. Falsification of records, such as, but not limited to, vouchers, reports, time records, leave records, employment applications, or other state documents.
2. Acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency’s duties to the public or to other state employees.
3. Use of official office for personal profit or gain and the acceptance of gratuities contrary to the policy of the department and/or the laws of this state.
¶ 7. Roberts and Cochran admitted to falsifying records, but denied the remaining charges. Both were terminated from their employment with the Department. Other employees were charged with these same acts as well. All other employees, but one, who were charged with Group III offenses were terminated or they resigned. The employees charged with Group II offenses were given discipline other than termination of their employment.
¶ 8. Roberts and Cochran chose to invoke their right to a due process hearing. They pursued an appeal of the Department’s decision to the Employee Appeals Board. An administrative hearing officer heard the appeal on June 30, 1998, and subsequently entered an order on July 8, 1998, upholding the terminations. Roberts and Cochran then filed an appeal to the full Board on July 23,1998, and the Circuit Court of Forrest County on August 6, 1998. Contending that the appeal to the full Board was untimely, the Department filed a motion with the Board to dismiss the appeal before the full Board. This motion was granted on January 22, 1999. The Department then filed in the circuit court a motion to dismiss Roberts and Cochran’s appeal. This motion was never ruled upon.
ANALYSIS AND DISCUSSION OF THE ISSUES
I. WHETHER THE APPELLANTS’ PETITION FOR REVIEW SHOULD BE DISMISSED FOR FAILURE TO EXHAUST THEIR ADMINISTRATIVE REMEDIES
¶ 9. Roberts and Cochran argue that the Board’s reach of authority is not determined solely by its internally-promul *633 gated regulations but also by the statutes as passed by the legislature. They refer to the language of Mississippi Code Annotated section 25-9-129 (Rev.1999) which states in part: “Hearings before the employee appeals board may be conducted by an individual hearing officer or by the board en banc, as provided in state personnel board rules.” Further, Roberts and Cochran point to Mississippi Code Annotated section 25-9-181(2) (Rev.1999) which states: “Any employee aggrieved by a final decision of the employee appeals board shall be entitled to judicial review thereof in the manner provided by law.” Reading these statutes in concert, Roberts and Cochran theorize that a decision by an individual hearing officer is a final decision since the Board has a choice of hearing an appeal en banc or through a hearing officer.
¶ 10. This Court does not subscribe to Robert and Cochran’s interpretation of the proper procedure for exhaustion of administrative remedies before an aggrieved party may seek judicial redress. While section 25-9-129 does allow the Board to conduct hearings through a hearing officer or by the Board en banc, Robert and Cochran fail to consider that portion of the statute which provides that hearings before the Employee Appeals Board shall be conducted “as provided in state personnel board rules.” Therefore, this statutory provision implicates a review of the Mississippi Personnel Board Rules to clarify the Board’s procedures as they relate to the administrative remedies for aggrieved employees.
¶ 11. According to section 10.40.24 of the Mississippi State Personnel Board Policy and Procedures Manuel, “[a]ny party aggrieved by the final written decision and order of a presiding Hearing Officer entered on the hearing of an appeal may file a written Request for Review by Full Board. The request must be filed within ten (10) days after the date the final order is filed.” Miss. St. Pers. Bd. Pol’y & Proc. Man. § 10.40.24 (Rev.1999). This Court has repeatedly and unequivocally declared that a state civil-service employee who has been dismissed from employment must exhaust his or her administrative remedies before seeking judicial review. Mississippi Dept. of Public Safety v. McKnight, 628 So.2d 249, 252 (Miss.1993) (citing Hood v. Mississippi Dep’t of Wildlife Conservation, 571 So.2d 263, 268 (Miss.1990)). Moreover, Section 10.40.3 states:
No person may file an appeal with the Employee Appeals Board until all agency-level grievance procedures have been exhausted in accordance with State Personnel Board policies, rules and regulations, with exceptions as noted elsewhere in the State Personnel Board Policies and Procedures Manual. When the disciplinary action results in dismissal, an appeal may be filed directly with the Employee Appeals Board. Except as authorized under federal law, no aggrieved party may file a petition for judicial review with a court of competent jurisdiction until a final written decision and order on a full board review has been filed by the Employee Appeals Board, (emphasis added).
See Miss. St. Pers. Bd. Pol’y & Proc. Man. § 10.40.3. (1999), revised in 1999.
¶ 12. In McKnight, the Mississippi Supreme Court held that a highway safety patrol officer was not entitled to a review of a hearing officer’s decision dismissing him from the Mississippi Highway Safety Patrol for committing various violations of state agency regulations. The officer had failed to file a timely appeal as required by the Board. The court acknowledged that the Board required aggrieved parties to file a written request for review by the full Board within ten days after date of the *634 filing of the order of the hearing officer. However, the officer did not file his appeal until over a month after the hearing officer issued his written decision and order.
¶ 13. Here, the order of the Board’s hearing officer was entered on July 8, 1998. Cochran and Roberts did not file their request for full Board review until July 23, 1998. A total of fifteen days had elapsed between the order and Roberts and Cochran’s appeal. This period of time clearly exceeded the ten-day allowance for Roberts and Cochran’s appeal; therefore, the full Board correctly dismissed their appeal.
¶ 14. Having failed to exhaust their administrative remedy, Roberts and Cochran forfeited their right to seek judicial redress. Therefore, even though Roberts and Cochran sought judicial relief by filing an appeal in the circuit court, their failure to exhaust their administrative remedies left the circuit court without jurisdiction. Consequently, the circuit court should have dismissed Roberts and Cochran’s appeal. However, the failure of the trial court to rule on the Department’s motion to dismiss does not preclude this Court from dismissing the appeal. “Where the [full Board] lacks jurisdiction because of an appellant’s failure to give timely notice of appeal, neither the circuit court nor this Court has jurisdiction to hear the substance of [the] appeal.” Slay v. Mississippi Dept. of Agriculture and Commerce, 771 So.2d 968, 970 (¶ 7) (Miss.App.Ct.2000) citing Mississippi Department of Public Safety v. McKnight, 623 So.2d 249, 252 (Miss.1993).
¶ 15. This Court accordingly dismisses this appeal for lack of jurisdiction. Because this Court lacks jurisdiction, all other issues presented by the appellants cannot be addressed.
¶ 16. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.