ROBERTS, J.,
for the Court:
¶ 1. Kenneth Keys appeals the judgment of the Forrest County Circuit Court, which denied his motion to mandate parole eligibility on Keys’s life sentence for a 1987 murder conviction. Finding that the trial court lacked the jurisdiction necessary to consider Keys’s motion, we reverse and render.
FACTS
¶ 2. On February 6, 1987, Keys entered a guilty plea in Forrest County Circuit Court to murder. Keys was sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). Because of the law in effect at the time of his conviction, Keys was eligible for parole after serving ten years of the life sentence. Keys was paroled on November 4, 1998, after serving eleven years and nine months. Three and one-half years later, on April 30, 2002, Keys’s parole was revoked for reasons not apparent from the record on appeal. Keys was paroled again four months later on August 28, 2002.
¶ 3. In December 2002, while on parole for the second time, Keys was accused of *784 simple assault of a police officer. Subsequently, his parole was revoked again. Keys was then convicted of simple assault of a police officer and sentenced to five years in the custody of MDOC, with the sentence to run consecutively to his previously imposed life sentence. Because Keys committed the felony assault while on parole status, the trial judge correctly ordered the five-year sentence to run consecutively to Keys’s life sentence.[1]
¶ 4. On March 21, 2008, Keys filed a motion to mandate parole eligibility, which the trial court treated as a motion for post-conviction relief. Following an evidentiary hearing on May 19, 2009, the circuit court denied Keys’s motion. Relying on section 99-19-21, the circuit court found that Keys could not commence serving his five-year sentence until the termination of his life sentence.
¶ 5. Keys finds error in the circuit court’s judgment and raises two assignments of error on appeal: (1) the circuit court erred in ruling that Keys was ineligible for parole on his life sentence, and (2) the circuit court’s application of Snow v. Johnson, 913 So.2d 334 (Miss.Ct.App.2005) constitutes an ex-post-facto law. However, because we find that Keys did not exhaust his administrative remedies, we must reverse and render the trial court’s ruling as it lacked the jurisdiction necessary to decide the issue.
DISCUSSION
WHETHER THE TRIAL COURT HAD JURISDICTION TO CONSIDER KEYS’S MOTION.
¶ 6. Before we consider the issues Keys raises on appeal, we must first determine if the trial court had the requisite jurisdiction to hear Keys’s case. Unsatisfied with the MDOC’s apparent denial of his request to classify him as eligible for parole consideration by the Mississippi Parole Board, Keys filed a motion to mandate parole eligibility pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. Although we may well not disagree with the trial court’s legal conclusion that Keys is not eligible for classification as parole eligible on his murder conviction, the trial court erroneously treated Keys’s motion as if it were a motion for post-conviction relief and denied it. However, Keys’s request did not complain about the validity of any of his convictions, of the sentences received, or that he was unlawfully incarcerated. Instead, it simply argued that the MDOC had incorrectly classified Keys as “parole ineligible.” A motion for post-conviction relief is not the correct procedural vehicle for such an argument.[2]
¶ 7. The purpose of the Mississippi Uniform Post-Conviction Collateral Relief Act “is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues[,] or errors which in practical reality could not be or should not have been raised at trial or on direct appeal.”[3] Not included within that purpose is the filing of a direct action with a trial court concerning the administrative policies of the MDOC. Furthermore, the only grounds for relief permitted under a motion for post-conviction relief are as follows: a conviction or sentence is contrary to law; the trial court lacked jurisdiction to impose a sentence; a *785 conviction or sentence was obtained under a statute deemed unconstitutional; the maximum sentence allowed was exceeded; new evidence not previously presented and heard demands vacation of a conviction or sentence; a guilty plea was involuntary; a sentence has expired; the petitioner’s probation, parole, or conditional release was unlawfully revoked, or the inmate is otherwise unlawfully held; an out-of-time appeal is proper; and the conviction or sentence is subject to collateral attack proper under common law.[4] Keys’s complaint does not fall under any of these provisions. Furthermore, he is not asking to “set aside or correct the judgment or sentence [of a trial court],” or for an out-of-time appeal.[5]
¶ 8. Pursuant to Mississippi Code Annotated section 47-5-801 (Rev.2004), the MDOC has set forth administrative procedures to review inmate’s complaints. “Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative-review procedure under sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency’s final decision, seek judicial review of the decision.”[6] Keys stated in his initial motion that the MDOC had determined that he was ineligible for parole consideration by the parole board. This statement was echoed by the trial court in its order denying Keys’s motion and by the State in its brief to this Court. However, as argued by the State in its response to Keys’s petition and in its brief to this Court, the record is completely bare as to any proof that Keys ever exhausted his administrative remedies or even voiced his grievance through the MDOC’s administrative-review procedure. As such, neither the trial court nor this Court has jurisdiction to hear the substance of Keys’s appeal.[7]
II9. Nevertheless, we have previously concluded “that an inmate may contest matters such as [the correct computation of a parole-eligibility date] as an original action in circuit court.”[8] This holding, and other similar holdings handed down by this Court, were based upon the supreme court’s resolution of Wilson v. Puckett, 721 So.2d 1110, 1111-12 (¶ 5) (Miss.1998) and Williams v. Puckett, 624 So.2d 496, 497 (Miss.1993). Both Williams and Wilson, unlike this case, involved inmates filing a petition for writ of habeas corpus with the circuit court claiming they were unlawfully held in custody and requesting a review of the MDOC’s determination of parole dates and earned-time allowance. Wilson, 721 So.2d at 1111-12 (¶ 5); Williams, 624 So.2d at 497. Further, neither Wilson nor Williams utilized any of the administrative remedies available to them, and this omission was not discussed, or even mentioned, in the resolution of either case. As such, both the supreme court and this Court have apparently concluded that an inmate may bypass the administrative remedies available to him when aggrieved by a matter such as this. Given the Legislature’s mandate, such simply cannot be the case.
¶ 10. Mississippi Code Annotated section 47-5-803(2) (Rev.2004) states that: “No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative-review procedure unless and until such offender shall have exhausted the reme *786 dies as provided in such procedure.” (Emphasis added). It could not be anymore clear that the Legislature did not intend to give any court, be it at the trial or appellate level, the jurisdiction to decide matters of an administrative nature unless and until an inmate had exhausted every option available under the MDOC’s administrative policies. The MDOC published its administrative policy in April 1994, and it allows an inmate to request an administrative remedy for “situations arising from policies, conditions, or events within the Department of Corrections that affect them personally....” This is the path Keys must first trod if he wishes to have his claims heard by the judiciary.
¶ 11. Therefore, we must dismiss Keys’s appeal for lack of jurisdiction. Based on the record, we have no knowledge whether Keys ever presented his grievance administratively to the MDOC, or did so but failed to timely appeal an adverse determination to the courts.
¶ 12. In addition to the fact that we do not legally have the authority to speak to Keys’s issues, if we were to nevertheless reach the merits of his appeal, it would do a disservice to the MDOC and fly in the face of its statutory right to initially address grievances with its administrative determinations. We should not simply step in the shoes of the MDOC when it has not had a chance to walk in them first.
¶ 13. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, P.J., GRIFFIS, BARNES, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., AND MYERS, P.J.

. Miss.Code Ann. § 99-19-21 (Rev.2007).

. Melton v. State, 930 So.2d 452, 456 (¶ 14) (Miss.Ct.App.2006) (holding that a motion for PCR is not the correct means to seek relief for an alleged miscalculation of credit for time served).

. Miss.Code Ann. § 99-39-3(2) (Rev.2007).

. Miss.Code Ann. § 99 — 39—5(l)(a)—(i) (Supp. 2008).

. Miss.Code Ann. § 99 — 39—5(l)(i).

. Miss.Code Ann. § 47-5-807 (Rev.2004).

. Miss.Code Ann. § 47-5-803(2) (Rev.2004); Roberts v. Miss. Dept. of Pub. Safety, 852 So.2d 631, 634 (¶ 14) (Miss.Ct.App.2003).

. Lattimore v. Sparkman, 858 So.2d 936, 938 (¶ 7) (Miss.Ct.App.2003).