MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Augusta McKenzie appeals the Sunflower County Circuit Court’s dismissal of his “Motion for an Order for Time Served,” which the circuit court found frivolous. McKenzie challenges the operation
 
 *1275
 
 of his twenty-year and five-year concurrent sentences for armed robbery and a related conspiracy charge, which are consecutive to his thirty-year sentence for the sale of cocaine. McKenzie pursued a direct appeal from these convictions, and this court affirmed.
 
 McKenzie v. State,
 
 669 So.2d 795 (Miss.Ct.App.1995);
 
 McKenzie v. State,
 
 667 So.2d 634 (Miss.Ct.App.1995).
 

 ¶ 2. To the extent McKenzie’s motion challenges a decision or policy of the Mississippi Department of Corrections (MDOC), he must first seek administrative review before turning to the courts.
 
 Brown v. State,
 
 54 So.3d 882, 884 (¶ 9) (Miss.Ct.App.2011).
 
 See also
 
 Miss.Code Ann. §§ 47-5-801 through 47-5-807 (Rev. 2004). In McKenzie’s motion, he alleges MDOC has committed various errors, including that it improperly computed his earned time and denied his eligibility for parole. The proper vehicle for such inmate grievances is not a PCR motion, but instead a claim filed through the MDOC Administrative Remedies Program.
 
 See Keys v. State,
 
 67 So.3d 783, 784 (¶ 6) (Miss.Ct.App. 2010);
 
 Brown,
 
 54 So.3d at 884 (¶ 9);
 
 Melton v. State,
 
 930 So.2d 452, 456 (¶ 14) (Miss.Ct.App.2006);
 
 see also Burns v. State,
 
 933 So.2d 329, 331 (¶ 9) (Miss.Ct.App.2006) (“[A]n inmate who is uncertain about the operation of his sentence and desires clarity should pursue the administrative review procedures before turning to court.”). Because the record contains no proof that McKenzie has exhausted his administrative remedies,
 
 [1]
 
 we are without jurisdiction to consider claims of this nature.
 
 See Walker v. State,
 
 35 So.3d 555, 559 (¶ 12) (Miss.Ct.App.2010).
 

 ¶ 3. McKenzie also seems to claim that his sentences violate the law. A PCR motion is the proper avenue for challenging the legality of a sentence,
 
 Burns,
 
 933 So.2d at 331 (¶ 8),
 
 [2]
 
 yet we lack jurisdiction to consider this claim as well.
 

 ¶ 4. Where a PCR movant’s direct appeal has been affirmed by the Mississippi Supreme Court or this court, he must be granted leave from the supreme court before filing a PCR motion. Miss.Code Ann. § 99-39-7 (Supp.2010).
 
 See also Crosby v. State,
 
 982 So.2d 1003, 1004-05 (¶¶ 1, 6) (Miss.Ct.App.2008). Since his direct appeal, McKenzie has filed at least four PCR motions prior to the motion under our review. Considering the most recent of his four prior motions, the supreme court on July 18, 2007, denied McKenzie’s application for leave to proceed in the trial court. The supreme court also cautioned McKenzie of the court’s authority to sanction him for future filings.
 
 See Ivy v. State,
 
 688 So.2d 223, 224 (Miss.1997);
 
 McLamb v. State,
 
 974 So.2d 935, 939 (¶ 17) (Miss.Ct.App.2008) (citing Miss.Code Ann. § 47-5-138(3) (Supp.2007)).
 

 ¶ 5. The supreme court has not granted McKenzie leave to proceed in the trial court on his present motion, nor has McKenzie requested the supreme court’s permission.
 
 [3]
 
 Thus, we are without juris
 
 *1276
 
 diction, as was the trial court, to consider his challenge' to the legality of his sentence.
 
 See Lacey v. State,
 
 29 So.3d 786, 788 (¶ 7) (Miss.Ct.App.2009).
 

 ¶ 6. We affirm the trial court’s dismissal of McKenzie’s motion and remind McKenzie that future frivolous filings may result in sanctions, including the loss of his accrued earned time.
 

 ¶ 7. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 .We note that McKenzie’s motion states: "And you can show them [ (MDOC) ] their mistakes, through the [Administrative Remedies Program], They still will not correct it. So I’m asking this Honorable Court that imposed this sentence to correct it." However, McKenzie must present some documentation that he has actually gone through the administrative process. We cannot accept this allegation in his motion as proof that he has done so.
 

 [2]
 

 . We note that a PCR motion may challenge one judgment only. Miss.Code Ann. § 99-39-9(2) (Supp.2010). McKenzie improperly attempts to challenge two judgments.
 

 [3]
 

 . We note that on March 30, 2010, the supreme court dismissed McKenzie's request to compel the trial court to rule on his "Motion for an Order for Time Served,” finding the request moot, as the trial court had already ruled on the motion.