# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00615-COA

**FREDERICK EARL BUCKHALTER**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/03/2018 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | FREDERICK EARL BUCKHALTER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 11/05/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     Frederick Earl Buckhalter filed a motion for post-conviction relief (PCR) in the Harrison County Circuit Court, First Judicial District. The circuit court dismissed the motion for lack of jurisdiction due to Buckhalter's failure to exhaust all administrative remedies. Upon review, we find the circuit court had jurisdiction, so we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

¶2.     On August 2, 2010, Buckhalter pled guilty to unlawful possession of a firearm by a felon. The circuit court sentenced Buckhalter to serve five years in the custody of the Mississippi Department of Corrections (MDOC), with all five years suspended, and placed

Buckhalter on five years' post-release supervision (PRS), with two years reporting and three years non-reporting.

¶3. On July 17, 2012, a field officer filed a petition to revoke Buckhalter's PRS, alleging that Buckhalter had violated certain PRS terms. The circuit court held a hearing on the petition but decided not to revoke Buckhalter's PRS. Instead, the court entered an order "extending" Buckhalter's PRS for an additional three years.[1]

¶4. A little over a year later, on August 27, 2013, another field officer filed a second petition to revoke Buckhalter's PRS, again alleging that Buckhalter had violated certain PRS terms. The circuit court held a hearing on the second petition and entered an order revoking Buckhalter's PRS. In its order, the circuit court reinstated Buckhalter's original five-year sentence, which had previously been suspended. The court then suspended the reinstated sentence with time served as the period of incarceration. The court also placed Buckhalter back on reporting PRS for the remainder of the previously ordered five-year term.

¶5. On June 29, 2015, while still on reporting PRS, Buckhalter was arrested for possession of a controlled substance with intent to transfer or distribute. This arrest resulted in the filing of a third petition to revoke Buckhalter's PRS. On November 16, 2015, the circuit court held a hearing on the third petition. Following the hearing, the court entered an order revoking Buckhalter's PRS and requiring him to serve his original five-year sentence incarcerated in MDOC's custody. Buckhalter received credit for time served for his original

---

[1] While it is unclear exactly what the circuit court meant by stating in its order that it was "extending [PRS] for Three (3) Additional Years," it appears that the order modified Buckhalter's sentence to five years of reporting PRS, as opposed to the two years reporting/three years non-reporting split.

2010 sentence for unlawful possession of a firearm by a felon.

¶6. On November 4, 2016, Buckhalter filed a PCR motion titled "Motion for Double Jeopardy." In his motion, Buckhalter alleged that he had been sentenced twice for the same offense, i.e., unlawful possession of a firearm by a felon. On April 3, 2018, the circuit court entered an order dismissing Buckhalter's "Motion for Double Jeopardy." In its order, the circuit court stated that it would treat Buckhalter's motion as a PCR motion but then stated that it lacked jurisdiction to address the PCR motion because Buckhalter failed to exhaust all administrative remedies. According to the circuit court, Buckhalter had to exhaust all administrative remedies before filing this motion with the court because he was "challeng[ing] the calculation of time served by him, which is a decision or policy of the [MDOC]." In other words, the circuit court found that Buckhalter should have gone through the MDOC's administrative remedies program (ARP)—and subsequently filed an appeal if still unsatisfied—instead of filing a PCR motion. Buckhalter now appeals.[2]

DISCUSSION

¶7. We review a circuit court's findings of fact regarding the denial or dismissal of a PCR

---

[2] On June 25, 2018, approximately two months after Buckhalter filed his notice of appeal, the circuit court entered an amended order denying Buckhalter's "Motion for Double Jeopardy." In the amended order, the circuit court stated that it had incorrectly found that Buckhalter failed to exhaust administrative remedies. The court then inferred that it was treating the motion as an ARP appeal (rather than a PCR motion) by denying Buckhalter's motion for failure to show that the ARP decision was arbitrary, capricious, or unsupported by evidence. Regardless, we do not address the amended order because it is void. *See Knight v. State*, 959 So. 2d 598, 602 (¶11) (Miss. Ct. App. 2007) ("The general rule is that 'where a case has been removed to an appellate court by appeal, the lower tribunal is divested of any jurisdiction to subsequently modify its order . . . .'" (quoting *Banana v. State*, 638 So. 2d 1329, 1331 (Miss. 1994))).

3

motion for abuse of discretion. *Wallace v. State*, 180 So. 3d 767, 769 (¶7) (Miss. Ct. App. 2015). We review questions of law de novo. *Id.*

¶8. In his appeal, Buckhalter does not contest the circuit court's finding that it lacked jurisdiction, but it is the dispositive issue here. The circuit court relied on *McKenzie v. State*, 66 So. 3d 1274 (Miss. Ct. App. 2011), and *Walker v. State*, 35 So. 3d 555 (Miss. Ct. App. 2010), in sua sponte dismissing Buckhalter's "Motion for Double Jeopardy" for lack of jurisdiction. In *McKenzie* and *Walker*, this Court stated that a person challenging a decision or policy of the MDOC must first seek administrative review before turning to the courts. *McKenzie*, 66 So. 3d at 1275 (¶2); *Walker*, 35 So. 3d at 559-59 (¶12).[3] But we also clarified that "[a] PCR motion is the proper avenue for challenging the legality of a sentence . . . ." *McKenzie*, 66 So. 3d at 1275 (¶3).

¶9. In this case, the circuit court's reliance on *McKenzie* and *Walker* is misplaced. Because Buckhalter challenged the legality of his sentence, not an MDOC decision or policy, the circuit court had jurisdiction to address Buckhalter's PCR motion. In his motion, Buckhalter alleged that he has been sentenced twice for the same offense—a violation of the double-jeopardy clause of the Fifth Amendment to the United States Constitution. A PCR motion is a valid avenue for such a claim. *See* Miss. Code Ann. § 99-39-5 (Rev. 2015) (governing PCR motions and allowing the same when a person claims "[t]hat [a] conviction or . . . sentence was imposed in violation of the Constitution of the United States or the

---

[3] As examples, the *McKenzie* petitioner alleged that the MDOC had improperly computed his earned time and denied his eligibility for parole. *McKenzie*, 66 So. 3d at 1275 (¶2). In *Walker*, the petitioner sought clarity about the meaning of his sentence. *Walker*, 35 So. 3d at 558 (¶12).

4

Constitution or laws of Mississippi . . .").

¶10.    The circuit court thus erred in dismissing Buckhalter's PCR motion for lack of jurisdiction.  Because the circuit court has exclusive original jurisdiction to consider the merits of Buckhalter's PCR motion, we reverse and remand for further proceedings consistent with this opinion.  *Graham v. State*, 85 So. 3d 847, 850-51 (¶¶5-6) (Miss. 2012).

¶11.    **REVERSED AND REMANDED.**

        **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**