555 So.2d 738 (1990)
J.W. WALKER
v.
STATE of Mississippi.
No. 89-KA-0743.
Supreme Court of Mississippi.
January 24, 1990.
*739 Richard E. Burdine, Columbus, for appellant.
Mike Moore, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
EN BANC.

ON PETITION FOR REHEARING
ROY NOBLE LEE, Chief Justice, for the Court.
J.W. Walker was convicted in the Circuit Court of Calhoun County of possession of cocaine, and an appeal was properly perfected from that conviction. Walker then applied to the Circuit Court of Calhoun County for bail pending appeal.
On June 5, 1989, the Circuit Court of Calhoun County, Honorable Kenneth Coleman presiding, entered an order denying Walker bail pending appeal. Nowhere in this order did the trial judge set out his reasons for denying Walker bail.
Walker next petitioned this Court for a Writ of Habeas Corpus on the ground that the trial court had illegally denied him bail following conviction and pending appeal. Upon consideration, this court, on July 6, 1989, "remanded" the cause to the Circuit Court of Sunflower County, the jurisdiction of confinement, in order that a full hearing on the merits of Walker's petition could be had.
The State of Mississippi, through its Attorney General, took exception with our ruling and promptly filed a Petition for Rehearing. Due to the urgency of the matter, this Court denied the Petition for Rehearing with the provision that a written opinion would follow. Therefore, this opinion addresses the Petition for Rehearing filed by the State of Mississippi in this cause.
Miss. Code Ann. § 99-35-115(2) (Supp. 1989), regarding bail after conviction of a felony, provides that bail for Walker pending appeal is available as a matter of right unless one or both of the exceptions set out in that subsection is found to apply. According to § 99-35-115(2), Walker "shall be entitled to be released from imprisonment on bail pending appeal to the Supreme Court, except that the trial judge may deny bail to such person pending his appeal upon making a determination that the release of such person would constitute a special danger to any other person or to the community or that no condition or combination of conditions will reasonably assure the appearance of the person as required."
That section goes on to provide that a trial judge denying bail should place his reasons in the record, and that "[u]pon a denial of bail pursuant to this subsection, such person shall have the right to apply to a justice of the Supreme Court for an emergency hearing." As previously mentioned, the order entered in this case states no more than that Walker's motion for bail pending appeal was denied, and contrary to § 99-35-115(2), the trial judge did not place his reasons for denial in the record.
*740 The State, through the Attorney General, has leveled several objections. First, it is charged that by "remanding" this case to the Circuit Court of Sunflower County this Court has made an error of either law or fact. An error of fact was made, it is said, if this Court "inadvertently" confused Sunflower County for the county of conviction. An error of law was made, it is said, if this court "intended to `remand' to Sunflower because said court is without jurisdiction in this matter."
As to the alleged error of fact, the State quotes from Black's Law Dictionary (5th ed. 1979) to the effect that to remand is to send the cause back "to the same court out of which it came, for the purpose of having some further action taken on it there." It must follow, therefore, that since we ordered "that the cause be `remanded', as opposed to transferred, it is likely that substitution of `Sunflower' for `Calhoun' in the order was inadvertence that would be easily corrected on rehearing."
As to the alleged error of law, the State charges that the Circuit Court of Sunflower County is without jurisdiction in this cause, and therefore, it is error to transfer this matter to them. The State argues that § 99-35-115(2) permits only the trial judge in the court of conviction to act.
To this, we would point out that the matter came before this Court as an original action sounding in habeas corpus. It did not come to us designated as a request for "an emergency hearing" pursuant to § 99-35-115(2), nor did we treat it as such. This is a wholly separate, but nonetheless related action seeking liberty from an alleged illegal detainment via the writ of habeas corpus. The Petition sought to invoke this Court's jurisdiction to issue a writ of habeas corpus, and we appropriately remanded the cause for consideration in the first instance to the jurisdiction of confinement. As will be established infra, habeas corpus remains a viable remedy in cases of this nature, and by statute, the matter should be presented initially to the court where the relator is confined. Miss. Code Ann. § 11-43-9 (Supp. 1989).
The State next argues that any suggestion that the matter is a habeas corpus action which should be heard in the jurisdiction of confinement is erroneous in view of Mississippi's Uniform Post-Conviction Collateral Relief Act, citing Miss. Code Ann. § 11-43-3 and 99-39-3 (Supp. 1989). Accordingly, the State argues that any relief beyond that provided in § 99-35-115 must be sought pursuant to § 99-39-5(1)(g) of the Post-Conviction Collateral Relief Act, and must further be sought in the trial court of conviction.
This Court has recognized that "A habeas corpus proceeding has but one purpose, that is to set at liberty persons illegally held," and this is accomplished "by entering an order [inter alia] granting bail." State v. Ridinger, 279 So.2d 618, 619 (Miss. 1973). Clearly, one who has been denied bail as has Walker may seek his liberty via habeas corpus. We read nothing in the Post-Conviction Collateral Relief Act, § 99-35-115, Miss.Sup.Ct.R. 9, or Unif. Crim.R.Cir.Ct.Prac. 7.02 which purports to suspend this right, nor could the right ever be suspended except in the limited circumstance provided for by the constitution. See Art. 3, § 21, Miss. Const. of 1890.
Furthermore, the Post-Conviction Collateral Relief Act is inapplicable in this situation. Admittedly, purely collateral post-conviction remedies attacking a judgment of conviction or sentence should be sought under authority of the Post-Conviction Collateral Relief Act since that Act, in the pure post-conviction collateral relief sense, is arguably "post-conviction habeas corpus renamed." See Bell, Habeas Corpus: The "Great Writ" in Mississippi State Courts, 58 Miss.L.J. 25, 28 (1988). Arguments over nomenclature should be avoided so long as the Act affords the relief formerly available by habeas corpus in this limited context. Id.
On the other hand, matters of bail pending appeal may appropriately be addressed through true habeas corpus actions. The State invokes § 99-39-3 and § 11-43-3 as authority for its argument that habeas corpus in matters pertaining to bail following conviction and pending appeal to this Court *741 has been supplanted, and points to § 99-39-5(1)(g) as the modern day vehicle by which this kind of relief is to be pursued. Section 99-39-5(1)(g) states that "Any prisoner in custody under a sentence of a court of record of the state of Mississippi" may assert as a ground for relief that "he is otherwise unlawfully held in custody." On the surface, it would appear that a "petitioner who has had ... an excessive bond set after conviction could claim he was `unlawfully held in custody,' and file a request for relief under the Act." Bell, 58 Miss.L.J. at 45.
However, "a post-conviction habeas corpus request for bail is not a request for relief from a judgment of conviction [or sentence], and is therefore not barred by the Uniform Post-Conviction Collateral Relief Act." Id. Section 99-39-3 states that the purpose of the Act is "to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences." (emphasis added). Walker's Petition for Writ of Habeas Corpus in no way seeks collateral review of his conviction or sentence.
Furthermore, having directly appealed his conviction, Walker may not invoke the Post-Conviction Collateral Relief Act for any purpose until after his direct appeal has been ruled on by this Court. Walker will have three years "after the time in which [his] direct appeal is ruled upon by the supreme court of Mississippi" in order to move for relief from his conviction or sentence. § 99-39-5(2) (emphasis added). And then, the motion must first be presented to this Court and an order entered allowing it to be filed in the trial court. § 99-39-7.
Finally, if anything else need be said to demonstrate the continued validity of habeas corpus as a method of seeking bail following conviction and pending appeal, then § 99-39-5(3) certainly says it. There it is stated that a motion under the Post-Conviction Collateral Relief Act "is not a substitute for, nor does it affect, any remedy incident to the proceeding in the trial court, or direct review of the conviction or sentence." (emphasis added). The remedy being sought by Walker, i.e., bail pending appeal via habeas corpus, is unmistakably "incident to the ... direct review of [his] conviction or sentence", and is therefore, not affected, prohibited or otherwise governed by the Uniform Post-Conviction Collateral Relief Act.
While § 99-35-115 provides that bail for Walker is a matter of right unless he is found to constitute a special danger to others or to the community, or it is found that no condition(s) could reasonably assure his appearance as required, that section does not prohibit our entertaining his separate Petition for Writ of Habeas Corpus and disposing of it accordingly. Habeas Corpus is one way of seeking liberty following conviction and pending appeal, and statutory and uniform rule procedure another, although the standards for granting or denying bail remain the same in either situation. See Art. 3, § 21, Miss. Const. of 1890; Miss. Code Ann. § 11-43-1 et seq. (1972), as amended; Unif.Crim.R. Cir.Ct.P. 7.02; Miss. Code Ann. § 99-35-115 (Supp. 1989); Miss.Sup.Ct.R. 9(b).
The State closes its argument with "policy and institutional reasons" which allegedly demand that the Calhoun County Circuit Court hear this matter since that court is familiar with the case. Also, hearing the matter in Sunflower County would be expensive and would add undue strain on that County's court system if it is forced to hear inmate's motions for bail pending appeal.
Again, this case is purely in the nature of Habeas Corpus. It follows on the heels of the action taken by the Circuit Court of Calhoun County in denying bail for no apparent reason. Nothing we say here is intended to saddle the Circuit Court of Sunflower County with all future motions for bail pending appeal. To the contrary, we adhere to the principle embodied in § 99-39-115, Unif.Crim.R.Cir.Ct.Prac. 7.02 and Miss.Sup.Ct.R. 9, that matters of bail pending appeal should be presented initially to the trial court of conviction. But, once that court enters an order denying bail for no apparent reason, nothing in our law prohibits the aggrieved prisoner from seeking his liberty via the "great writ" of *742 habeas corpus. After all, that is the purpose of habeas corpus, and the privilege of the writ is guaranteed by our constitution.
Moreover, our legislature, in defining habeas corpus practice, provided that persons like Walker make their application for relief to the court in the district where they are imprisoned. Miss. Code Ann. § 11-43-9 (Supp. 1989). This Court is not prepared to convict the legislature of having enacted this provision in total disregard of its potential consequences on the economy of Sunflower County. Our remand of the Petition to that county is in accord with the statutory requirement, and any complaints of inconvenience and expense are appropriately directed elsewhere.
PETITION FOR REHEARING DENIED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.