# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00434-SCT

*HENRY DAVIS a/k/a HENRY LEE DAVIS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/27/96 |
| TRIAL JUDGE: | HON. ROBERT W. BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/14/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/5/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

This case comes before the Court on appeal from the denial of Henry Davis' Motion for Post-Conviction Relief filed in the Circuit Court of Lauderdale County. Davis filed his Motion in order to correct the sentences imposed upon him as a result of his convictions for aggravated assault, possession of firearm by a convicted felon, and possession of marijuana. He was charged and convicted as an habitual offender.

Davis appealed his conviction for the marijuana possession to the Supreme Court of Mississippi. On March 18, 1996, while his direct appeal was pending before this Court, Davis filed his Motion for Post-Conviction Relief in the Circuit Court of Lauderdale County. In this Motion he requested his

sentences be corrected because the indictment charging him as a habitual offender was fatally flawed. According to Davis, the habitual offender language followed the phrase "against the peace and dignity of the State." This issue was directly addressed by this Court in *McNeal v. State*, 658 So. 2d 1345, 1348-50 (Miss. 1995). It was this decision and its holding that Davis was attempting to bring to the lower court's attention in order to have his sentence corrected.

The lower court denied Davis' Motion for Post-Conviction Relief, because his direct appeal had not yet been disposed of by this Court. Aggrieved from the lower court decision, Davis brings this appeal before this Court raising the following issue:

**I. WHETHER THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF.**

## STATEMENT OF THE FACTS

Davis entered a plea of guilty in Lauderdale County on January 19, 1995, as a habitual offender for the crimes of aggravated assault, possession of a firearm by a previously convicted felon, and possession of marijuana. He was sentenced to a term of three years for aggravated assault and possession of a firearm. He received a six year sentence for the possession of marijuana.

On March 18, 1996, Davis appealed the judgement of the lower court to this Court. It was assigned to the Mississippi Court of Appeals. While that appeal was pending, Davis filed a Motion for Post-Conviction Relief in the Circuit Court of Lauderdale County, requesting his sentences be corrected to reflect this Court's decision in *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995). Davis alleged the indictment charging him as a habitual offender was fatally flawed because the words "habitual offender" came after the phrase "against the peace and dignity of the State." This Court in *McNeal* determined that an indictment charging a defendant as a habitual offender must contain the language before the phrase "against the peace and dignity of the State" or it was fatally flawed. *McNeal*, 658 So. 2d at 1349.

On March 27, 1996, the lower court denied Davis' Motion because his direct appeal to the Supreme Court of Mississippi had not been decided prior to his filing for post-conviction relief. It is from this denial of his Motion for Post-Conviction Relief that Davis appeals to this Court.

## DISCUSSION OF THE ISSUE

Davis claims that the primary purpose of the Post-Conviction Relief Act is to allow a defendant the opportunity to bring to light evidence of material facts that not previously presented and heard which require vacation of the conviction or sentence. Miss. Code Ann. § 99-39-5 (1)(e). Davis argues that the language contained in Miss. Code Ann. § 99-39-5 gave him the right to bring this Court's ruling in *McNeal* to the attention of the lower court by way of his Motion for Post-Conviction Relief.

However, Davis fails to read the latter subsection to Miss. Code Ann. § 99-39-5 and this Court's decisions giving interpretation to its language. At the time he filed his Motion for Post-Conviction Relief, Davis' conviction was on direct appeal to this Court. This Court has previously spoken directly to this issue by stating:

Furthermore, having directly appealed his conviction, [defendant] may not invoke the Post-

Conviction Collateral Relief Act for any purpose until after his direct appeal has been ruled on by this Court. [Defendant] will have three years "*after* the time in which [his] direct appeal is ruled upon the by the Supreme Court of Mississippi" in order to move for relief from his conviction or sentence.

*Walker v. State*, 555 So. 2d 738, 741 (Miss. 1990) (*quoting* Miss. Code Ann. § 99-39-5 (2) (emphasis added)).

Again, at the time Davis filed his Motion his direct appeal had not been decided. Therefore, we hold that the Motion was barred from being heard because it was not yet ripe and because of this Court's prior holding in *Walker*. Davis' appeal was assigned to the Mississippi Court of Appeals. On April 23, 1996, that court affirmed the direct appeal from the lower court's decision.

According to the holding in *Walker*, Davis has three years from April 23, 1996, in which to file his Motion for Post-Conviction Relief. *Walker*, 555 So. 2d at 741. However, before Davis may file his Motion, he must first present this Court with the Motion and an order must be entered allowing it to be filed in the trial court. *Id.*; Miss. Code Ann. § 99-39-7.

Davis alleges that he only directly appealed his conviction for the possession of marijuana and not the convictions for aggravated assault and possession of a firearm by a previously convicted felon. After thoroughly reviewing the record before this Court and the Motion filed in the lower court, this Court finds this argument to be without merit. The Motion does not make the distinction that Davis would have this Court believe. It is unclear in the Motion that Davis was only directly appealing his conviction for possession of marijuana. The lower court was correct in denying the Motion while the appeal was pending before this Court. Therefore, the lower court's decision is affirmed.

## CONCLUSION

The lower court correctly denied Davis' Motion for Post-Conviction Relief. His direct appeal had not yet been decided when his Motion was brought before the lower court. Miss. Code Ann. § 99-39-5(2) clearly requires a defendant's direct appeal to have been affirmed or dismissed before the Post-Conviction Collateral Relief Act may be invoked. Davis' direct appeal has since been affirmed by the Mississippi Court of Appeals. Therefore, Davis may now seek to invoke the Post-Conviction Collateral Relief Act. However, he must first present his Motion to this Court and an order must be entered by this Court granting leave to file the Motion in the trial court.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**