832 So.2d 1244 (2002)
Rickey MESHELL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00172-COA.
Court of Appeals of Mississippi.
December 17, 2002.
*1245 Rickey Meshell, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, Jackson, Attorney for Appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
BRANTLEY, J., for the Court.
¶ 1. Rickey Meshell's petition for habeas corpus was denied by the Sunflower County Circuit Court. Aggrieved, he appeals arguing that his sentence was ambiguous and demanded release. Finding the Court lacks jurisdiction, we dismiss the appeal.

FACTS
¶ 2. Meshell was convicted of manslaughter in the Harrison County Circuit Court in 1984 and sentenced to twenty years as a habitual offender. Aggrieved by his conviction and sentence, Meshell appealed to the Mississippi Supreme Court which affirmed his conviction and sentence. Meshell v. State, 506 So.2d 989 (Miss.1987).
¶ 3. In 2000, Meshell filed his petition in circuit court claiming that his sentence was ambiguous and violated his due process rights. The Sunflower County Circuit Court denied the motion. Aggrieved, Meshell appeals such denial.

ANALYSIS OF THE ISSUE PRESENTED
¶ 4. Although Meshell raises several issues on appeal, we find that the circuit court did not have jurisdiction to entertain his petition. See Doss v. State, 757 So.2d 1016, 1017 (¶¶ 6-8) (Miss.Ct.App. 2000). Petitions for habeas corpus are treated as a motion under the Mississippi Uniform Post-Conviction Collateral Relief Act. See State v. Read, 544 So.2d 810, 813 (Miss.1989). Filing for post-conviction relief in circuit court is correct "except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed." Miss. Code Ann. § 99-39-7 (Rev.2000). If the case, such as the one in question, falls into the above category, the prisoner must first get permission to seek post-conviction relief from "a quorum of the justices of the supreme court." Id.
¶ 5. Here, Meshell's conviction and sentence were affirmed by the Mississippi Supreme Court. He then filed for postconviction relief without first seeking permission from the Mississippi Supreme Court. Therefore, we dismiss this appeal for lack of jurisdiction.
¶ 6. THE APPEAL OF THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST CONVICTION RELIEF IS DISMISSED FOR LACK OF JURISDICTION. COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, *1246 IRVING, MYERS AND CHANDLER, JJ., CONCUR. THOMAS, J., NOT PARTICIPATING.