915 So.2d 484 (2005)
William Lynn JACKSON a/k/a Larry Jackson, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01132-COA.
Court of Appeals of Mississippi.
November 15, 2005.
William Lynn Jackson, Appellant, pro se.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
EN BANC.
MYERS, P.J., for the Court.

STATEMENT OF THE FACTS
¶ 1. In 1984 William Lynn Jackson committed the crimes of armed robbery and kidnaping in DeSoto County, Mississippi. The grand jury of DeSoto County indicted Jackson in 1985 for these crimes. Jackson fled the State of Mississippi to the State of Missouri were he was charged with additional crimes. Jackson was convicted and sentenced to a lengthy term in Missouri. In July of 1986 Mississippi and Missouri executed an executive agreement to release Jackson into the custody of the State of Mississippi for trial on the DeSoto County indictment and then return him to the custody of Missouri. Jackson stood trial and was convicted of the Mississippi charges and sentenced to consecutive terms of life and thirty years for armed robbery and kidnaping, respectively. Prior to his return to Missouri, Jackson began to serve his Mississippi sentence with the Mississippi Department of Corrections. *485 In March of 1987 the DeSoto County Circuit Court executed a corrected sentencing order that returned Jackson to the custody of the State of Missouri. Mississippi promptly lodged a detainer with Missouri that provided upon release from the custody of the State of Missouri, Jackson would be returned to the State of Mississippi to serve his sentence. Upon the completion of his sentence in Missouri, Jackson was returned to the State of Mississippi on December 3, 2000, to serve his Mississippi sentence.
¶ 2. On October 9, 2003, Jackson filed an application with the Mississippi Supreme Court for leave to return to the trial court to pursue post-conviction relief. That application was denied by the supreme court on February 11, 2004. Jackson then filed a petition for writ of habeas corpus on May 4, 2004, in the Circuit Court of Sunflower County. Circuit Judge Ashley Hines denied that petition on May 19, 2004, and Jackson appeals that ruling raising several issues. The only issue we will address is:
DID THE LOWER COURT LACK JURISDICTION TO ENTERTAIN JACKSON'S PETITION FOR WRIT OF HABEAS CORPUS.

STANDARD OF REVIEW
¶ 3. In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct. App.2002).

DISCUSSION
¶ 4. Mississippi Code Annotated § 99-39-3 (Rev.2004) provides that the common law writs relating to post-conviction relief are repealed. Among these writs is the writ of habeas corpus. Miss.Code Ann. § 99-39-3. Jackson's petition for a writ of habeas corpus in the Circuit Court of Sunflower County is thus treated as a motion for post-conviction relief. See State v. Read, 544 So.2d 810, 813 (Miss.1989). The Mississippi Code provides that:
The motion under this article shall be filed as an original civil action in the trial court, except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court.
Miss.Code Ann. § 99-39-7 (Rev.2000). Jackson appealed his two Mississippi convictions to the Mississippi Supreme Court and the court affirmed both convictions.[1] This case falls under the category addressed in the above quoted statute and Jackson must get permission from the supreme court to seek post-conviction relief. On October 9, 2003, Jackson filed an application with the Mississippi Supreme Court to pursue post-conviction relief in the trial court. That application was denied on February 11, 2004. Therefore, we dismiss this appeal for lack of jurisdiction.
*486 ¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION RELIEF IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE, P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] See Jackson v. State, 539 So.2d 1054 (Miss.1989); Jackson v. State, 536 So.2d 1362 (Miss.1989).