MODIFIED OPINION ON MOTION FOR REHEARING[1]
IRVING, J.,
for the Court.
¶ 1. James Franklin Putnam is currently serving a federal sentence in Kentucky. Putnam also has a Mississippi sentence, resulting from a guilty plea, that is running concurrently with the federal sentence. Therefore, Mississippi has a de-tainer on Putnam. On September 21, 2005, Putnam filed a “Petition For Writ of Habeas Corpus,” challenging the Mississippi Department of Corrections’ (MDOC) computation of his time to serve. The Harrison County Circuit Court denied relief after finding that it lacked jurisdiction because Putnam is in federal custody. Aggrieved, Putnam appeals and alleges that the trial court erred in finding that it lacked jurisdiction.
¶ 2. Because Putnam has not exhausted his administrative remedies, we reverse and remand.
FACTS
¶ 3. Sometime in 1997 Putnam pleaded guilty to one count of hostage taking at gunpoint and was sentenced to 280 months in federal custody.[2] In December of 2005, Putnam pled guilty to the charges underlying this appeal and was sentenced to twenty years, said sentence to run concurrently with his federal sentence. Putnam has already filed a motion for post-conviction relief challenging the validity of his guilty plea, the denial of which this Court has affirmed. See Putnam v. State, 877 So.2d 468 (Miss.Ct.App.2003). By contrast, the petition before us challenges the eomputa *1234 tion of Putnam’s time to serve, rather than the validity of his guilty plea.
ANALYSIS AND DISCUSSION OF THE ISSUE [3]
¶ 4. At the outset, we note that the trial court’s order stated that “[u]pon release from federal custody [Putnam] is to begin serving his [Mississippi sentence].” This statement is inaccurate, as Putnam’s Mississippi sentence is running concurrently with his federal sentence. Therefore, Putnam has already begun serving his Mississippi sentence. Upon release from federal custody, Putnam will serve any time remaining on his Mississippi conviction.
¶ 5. The Mississippi Uniform Post-Conviction Collateral Relief Act “repealed post-conviction use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges.” Edmond v. Miss. Dep’t of Corr., 783 So.2d 675, 677(¶ 8) (Miss.2001) (citations omitted). A petition for habeas corpus is still a viable option in limited circumstances, such as a challenge of the denial of bail pending an appeal, but “purely collateral post-conviction remedies attacking a judgment of conviction or sentence should be sought under authority of the Post-Conviction Collateral Relief Act since that Act, in the pure post-conviction collateral relief sense, is arguably ‘post-conviction habeas corpus renamed.’ ” Walker v. State, 555 So.2d 738, 740-41 (Miss.1990) (quoting James Bell, Habeas Corpus: The “Great Writ” in Mississippi State Courts, 58 Miss. L.J. 25, 28 (1988)). Therefore, we treat Putnam’s writ for habeas corpus as a motion for post-conviction relief.
¶ 6. We find that the trial court erred in finding that it lacks jurisdiction. Mississippi Code Annotated section 99-39-5(1) (Supp.2006) states that “[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi” can bring post-conviction proceedings. The Mississippi Supreme Court has clarified that a prisoner held in another state who, “but for [that] incarceration ... would be subject to imprisonment here,” is “in custody” for purposes of section 99-39-5. Unruh v. Puckett, 716 So.2d 636, 639(¶ 11) (Miss.1998). As in Unruh, “[t]he State of Mississippi has a ‘hold’ on [Putnam] and he will be released to Mississippi immediately following his present incarceration.” Id. Therefore, the court has jurisdiction to hear Putnam’s complaint.
¶ 7. Regardless of the fact that the trial court has jurisdiction, Putnam is procedurally barred from proceeding with his post-conviction relief claim until he exhausts the administrative remedies available through the MDOC. Miss.Code Ann. § 47-5-803(2) (Rev.2004). According to that section, the trial court should give Putnam no more than ninety days to exhaust his remedies. Id.
¶ 8. Therefore, this case is reversed, and remanded to the trial court for a stay of proceedings for not more than ninety days to allow Putnam to exhaust his administrative remedies.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS REVERSED AND RE *1235 MANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., NOT PARTICIPATING.

. The previous opinion of the Court is withdrawn and this opinion is substituted. The motion for rehearing is denied.

. See Putnam v. Hastings, 05-CV-115-DLB (E.D.Ky. May 24, 2005).

. Putnam cites several issues, but we address only the issue of whether he has exhausted his administrative remedies, as this issue is dis-positive.