982 So.2d 1003 (2008)
Steven Lamont CROSBY a/k/a Steve Salter, Appellant.
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01803-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Steven Lamont Crosby, appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. In February 2002, Steven Lamont Crosby was tried and found guilty by a jury in the Circuit Court of Rankin County of aggravated assault, kidnaping, and possession of a firearm by a convicted felon. Crosby was sentenced on February 8, 2002, to serve three life sentences without parole as a habitual offender in the custody of the Mississippi Department of Corrections. His conviction was affirmed on appeal. Crosby v. State, 856 So.2d 523, 531 (¶ 27) (Miss.Ct.App.2003).
¶ 2. On January 20, 2006, Crosby filed his motion for post-conviction relief in the Circuit Court of Rankin County, arguing that he was denied due process of law. The trial court dismissed Crosby's motion for post-conviction relief pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev.2007).[1] In finding no merit in Crosby's motion, the trial court noted that the Mississippi Supreme Court had previously denied Crosby's application for leave to proceed in the trial court on August 5, 2005. On February 15, 2006, the supreme court, finding that Crosby's motion was barred as a successive writ, again dismissed Crosby's application for leave to proceed in the trial court.
¶ 3. Finding that we lack jurisdiction, we dismiss this appeal.

STANDARD OF REVIEW
¶ 4. A trial court's dismissal of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
¶ 5. Mississippi Code Annotated section 99-39-7 (Rev.2007) provides that a post-conviction relief motion must first be filed in the trial court "except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed." Section 99-39-7 goes on to state:

*1005 Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have been presented to a quorum of the justices of the supreme court of Mississippi, . . . and an order granted allowing the filing of such motion in the trial court.
¶ 6. Crosby filed a motion for permission to proceed in the trial court, but his motion was denied. Because Crosby was not granted permission from the supreme court, the trial court lacked jurisdiction to entertain his request for post-conviction relief. Likewise, this court lacks jurisdiction to entertain an appeal of that action.
¶ 7. We find that Crosby's motion for post-conviction relief is dismissed for lack of jurisdiction.
¶ 8. THIS APPEAL IS DISMISSED FOR LACK OF APPELLATE JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.
NOTES
[1] Mississippi Code Annotated section 99-39-11(2) states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified."