BARNES, J.,
 

 for the Court.
 

 ¶ 1. Bennie E. Lacey appeals the Wayne County Circuit Court’s dismissal of his motion for post-conviction relief. Finding
 
 *787
 
 that this Court lacks jurisdiction, we dismiss the appeal.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Lacey was indicted on January 16, 1991, (Cause No 8343) of selling a Schedule II controlled substance.
 
 [1]
 
 Lacey was subsequently convicted at a jury trial, and a sentencing hearing was held on April 12, 1991. At the hearing, the circuit court determined that Lacey was eligible for enhanced sentencing as a habitual offender under Mississippi Code Annotated sections 99-19-81 (1972) and 41-29-147 (Supp.1989) and sentenced him to thirty years in the custody of the Mississippi Department of Corrections -without parole. His two previous felony convictions were for grand larceny on July 21, 1980 (Cause No. 7528), and the sale of a Schedule IV controlled substance on July 18, 1984 (Cause No. 7754). Lacey had pleaded guilty to both felonies.
 

 ¶ 3. On direct appeal, the Mississippi Supreme Court affirmed Lacey’s conviction and sentence on February 27, 1994.
 
 See Lacey v. State,
 
 632 So.2d 958 (Miss.1994). Lacey filed a motion for post-conviction relief with the supreme court on July 22, 1994, which was subsequently denied. On December 14, 2004, the supreme court denied another motion for post-conviction relief filed by Lacey.
 

 ¶ 4. On March 6, 2008, Lacey filed a motion with the Circuit Court of Wayne County to vacate his illegal sentence enhancement. In the motion, Lacey claimed that the indictment for the sale of a Schedule IV controlled substance (Cause No. 7754) did not include his name; therefore, his defense counsel’s performance was deficient for allowing such evidence to be offered.
 
 [2]
 
 On May 8, 2008, the circuit court dismissed Lacey’s motion for post-conviction relief finding his claim to be procedurally barred as it was not filed within three years of the ruling by the Mississippi Supreme Court on Lacey’s direct appeal.
 

 STANDARD OF REVIEW
 

 ¶ 5. In reviewing a decision to dismiss a motion for post-conviction relief, we will not disturb a circuit court’s “factual findings unless they are found to be clearly erroneous.”
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). “However, where questions of law are raised[,] the applicable standard of review is de novo.”
 
 Id.
 

 ¶ 6. Mississippi Code Annotated section 99-39-5(2) (Rev.2007) states that a motion for post-conviction relief “shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi[.]” The supreme court ruled on Lacey’s appeal on February 27, 1994. Lacey’s latest motion for post-conviction relief was filed on March 6, 2008, more than fourteen years after the supreme court’s ruling on his direct appeal. Therefore, the circuit court found that Lacey’s motion for post-conviction relief was procedurally barred.
 

 ¶ 7. We find, however, that neither the trial court nor this Court has jurisdiction
 
 *788
 
 over Lacey's most recent motion, as he did not first obtain permission from the Mississippi Supreme Court to seek post-conviction relief. Mississippi Code Annotated section 99-39-7 (Rev.2007) provides that where a “prisoner’s conviction and sentence have been appealed to the [S]upreme [C]ourt of Mississippi and there affirmed or the appeal dismissed,” his motion for post-conviction relief “shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court[.]” Failure to obtain permission from the supreme court deprives the trial court and this Court of jurisdiction.
 
 See Crosby v. State,
 
 982 So.2d 1003, 1005(¶ 6) (Miss.Ct.App.2008) (trial court lacked jurisdiction to entertain the prisoner’s motion for post-conviction relief as the prisoner failed to comply with section 99-39-7; appeal dismissed for lack of jurisdiction);
 
 Robinson v. State,
 
 968 So.2d 981, 981-82(¶2) (Miss.Ct.App.2007) (same);
 
 Jackson v. State,
 
 915 So.2d 484, 485(¶ 4) (Miss.Ct.App.2005) (same);
 
 Meshell v. State,
 
 832 So.2d 1244, 1245(¶ 5) (Miss.Ct.App.2002) (same); see
 
 also State v. Read,
 
 544 So.2d 810, 813 (Miss.1989) (finding that county court did not have jurisdiction over the motion for post-conviction relief, which was filed as a petition for writ of habeas corpus, where the prisoner did not first obtain permission to seek post-conviction relief from supreme court pursuant to section 99-39-7).
 

 ¶ 8. Since Lacey’s conviction and sentence were affirmed on direct appeal, he was required to seek leave of the Mississippi Supreme Court to file a motion for post-conviction relief in the circuit court pursuant to Mississippi Code Annotated section 99-39-7. We find no evidence to suggest that he did so. Therefore, both the circuit court and this Court lack jurisdiction to consider Lacey’s motion. Accordingly, we dismiss the appeal.
 

 ¶ 9. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Although the specific statute under which Lacey was indicted and convicted is not contained in the record, we note that the statute is Mississippi Code Annotated section 41-29-139 (Supp.1989).
 

 [2]
 

 . The indictment in Cause No. 7754 charged "Adam Lacey” and "Bandingo Lacey.” A handwritten notation on the indictment indicated that "Bandingo” had two aliases "Ben-do” and "Benny E. Lacey.” While Lacey contends that the indictment was defective, he makes no claim that he was not, in fact, the person who pleaded guilty to the indictment or served the sentence of incarceration.