IRVING, P.J.,
for the Court:
¶ 1. On July 19, 2010, Will Robertson Brown filed, in the Circuit Court of Jackson County, a motion for post-conviction relief (PCR), a seeking to set aside several guilty pleas that he had entered more than fifteen years earlier. The circuit court dismissed Brown’s PCR motion as being time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2011). Feeling aggrieved, Brown appeals, asserting that his trial counsel was ineffective, his guilty pleas were involuntary, and the circuit court erred by accepting his guilty pleas without a factual basis and without informing him of the elements of the offenses to which he pleaded guilty.
¶ 2. We hold that the circuit court correctly found that Brown’s PCR motion was time-barred. Therefore, we affirm the judgment of the circuit court dismissing Brown’s PCR motion.
FACTS
¶ 3. On April 18, 1995, Brown pleaded guilty to two counts of aggravated assault (one on a law-enforcement officer) and third-degree arson. The circuit court accepted his guilty pleas and sentenced him to serve seventeen years for aggravated assault, seventeen years for arson, and three years for aggravated assault on a law-enforcement officer, all to be served in the custody of the Mississippi Department of Corrections (MDOC). The circuit court ordered the sentences to run concurrently to one another and concurrently with the federal sentence that Brown was presently serving.
¶ 4. Over fifteen years later, on July 19, 2010, Brown filed a PCR motion attacking the voluntariness of his guilty pleas entered on April 19, 1995. He also alleged that his lawyer was ineffective and that the circuit court failed to inform him of the *461 elements of the offenses. He further alleges that the circuit court had no factual basis to accept his guilty pleas. The circuit court “reviewed the pleadings and the court files and determined that no eviden-tiary hearing was necessary.” As stated, the court held that Brown’s PCR motion was time-barred because it was filed more than three years after the entry of the judgment of conviction, and Brown did not demonstrate that any of the enumerated exceptions to the time bar were applicable. Therefore, the circuit court entered an order on July 27, 2010, summarily dismissing Brown’s PCR motion.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. An appellate court will not reverse the circuit court’s dismissal of a PCR motion absent a finding that the decision was clearly erroneous. Jackson v. State, 67 So.3d 725, 730 (¶ 16) (Miss.2011). Questions of law are reviewed de novo. Id.
¶ 6. The circuit court correctly found that Brown’s PCR motion was time-barred. Brown entered his guilty plea on April 18, 1995, but he did not file his PCR motion until over fifteen years later. Section 99-39-5(2) provides that PCR motions “shall be made ... within three (3) years after entry of the judgment of conviction” in cases involving guilty pleas. This section also provides certain exceptions to the time bar, such as intervening decisions of the United States Supreme Court or the Mississippi Supreme Court, newly discovered evidence, DNA evidence subject to testing, claims that the sentence has expired, and claims that parole or conditional release has been unlawfully revoked. Miss.Code. Ann. § 99-39-5(2)(a)-(b). Additionally, “errors affecting fundamental constitutional rights are excepted from the procedural bars....” Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010).
¶ 7. Brown has failed to prove that one of the exceptions to the time bar applies or that the circuit court committed any error affecting any of his fundamental rights when it accepted his guilty pleas. The record contains no guilty-plea transcript and no affidavits to support any of the issues that Brown has raised on appeal. Brown has only provided mere assertions in his brief and no authority to support his assertions. On review, “we limit our inquiry to those facts ‘contained strictly in the record, and not upon mere assertions in the briefs.’ ” Ross v. State, 16 So.3d 47, 60 (¶ 35) (Miss.Ct.App.2009) (quoting Ward v. State, 935 So.2d 1047, 1057 (¶ 29) (Miss.Ct.App.2005)). Pursuant to Rule 28(a)(6) of the Mississippi Rules of Appellate Procedure, an appellant must support his contentions regarding the issues presented with “citations to authorities, statutes, and parts of the record relied on.” (Emphasis added). Therefore, we hold that the circuit court properly dismissed Brown’s PCR motion.
¶ 8. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
LEE, C.J., RUSSELL AND FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, P.J., MAXWELL AND FAIR, JJ. BARNES, J., SPECIALLY CONCURS WITH *462 SEPARATE WRITTEN OPINION JOINED BY ISHEE, J. CARLTON, J., NOT PARTICIPATING.