ROBERTS, J.,
concurring in part and dissenting in part:
¶ 19. While I agree with the majority’s finding that the statutory time and subsequent-writ bars prohibit granting Brown relief under Mississippi’s PCR statute, I must respectfully dissent from the majority’s gratuitous assertions in regard to Brown’s standing to file his PCR motion. I am compelled to clarify my points of concern and dissent from the standing analysis.
¶ 20. It is important to note that in the majority’s opinion, it finds Brown does not have standing to file his PCR motion.[2] If a petitioner lacks standing to file a PCR motion, the circuit court and ultimately this Court likewise lack jurisdiction to address the merits of the PCR motion. The proper disposition is for this Court to dismiss the case for lack of jurisdiction. See Pruitt v. Hancock Med. Ctr., 942 So.2d 797, 801 (¶ 14) (Miss.2006). Inexplicably, the majority finds Brown does not have standing while simultaneously addressing the merits of the case by affirming the circuit court’s decision to dismiss Brown’s PCR motion as time-barred. By affirming the circuit court, the majority is implying that both the circuit court and this Court have proper jurisdiction to hear this case. Therefore, under the majority’s analysis of standing, the proper disposition for this case should be a dismissal of Brown’s appeal for lack of jurisdiction.
¶ 21. Further, the majority relies on Brown v. State, 71 So.3d 1267 (Miss.Ct.App.2011) (Broum I), to support its finding that only prisoners in the custody of the MDOC and serving a sentence imposed by a Mississippi court are eligible to file a PCR motion. However, as stated in my opinion in Brown v. State, 83 So.3d 459 (Miss.Ct.App.2012) (Brown II), I would overrule Brown I and Wilson v. State, 76 So.3d 733 (Miss.Ct.App.2011), for the exact proposition that the majority relies on in the current case.[3] In Brown II, 83 So.3d at 461-62 (¶ 9), we affirmed the circuit court’s dismissal of Brown’s PCR motion on the ground that his PCR motion was time-barred; however, I concurred in only the result and wrote separately to discuss *651 Brown’s standing to bring his PCR motion. I found that Brown did have standing to bring his PCR motion, but two judges opined that Brown lacked standing under the new amendment to the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). See id. at 463-65 (¶ 16). The UPCCRA was amended on March 16, 2009, as the majority in the current case correctly points out, “to expand the reach of the [UPCCRA] to a wider range of individuals.” Maj. Op. at (¶ 11). In both Brown I and Wilson, the petitioners filed their PCR motions after the effective date of the amendment, and I argued both petitioners should have received the benefit of the expanded language of the statute. Id. at 463-64 (¶ 13). The proposition that any petitioner not in the custody of the MDOC at the time of filing has no standing to file a PCR motion no longer matches the expansive language of the 2009 amendment to the statute.
¶ 22. An additional concern lies with the majority’s language finding that “once a prisoner is released from the MDOC, Mississippi has no custody over the person whatsoever,” and “Mississippi relinquished any and all custody rights over Brown when he was released from the MDOC.” Maj. Op. at (¶ 15). I also have concern with the majority’s statement that “a PCR motion is meaningless when filed in a court having no authority over the custody of the person being detained.” Maj. Op. at (¶ 16). I submit that these statements are incorrect and misleading based on a reading of the current Mississippi Code Annotated section 99-39-5(1) (Supp.2011), which clearly allows “[a]ny person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration.” to file a PCR motion. For example, an individual granted parole by the Mississippi Parole Board is not considered to be “in custody” of the MDOC or the circuit court; instead, that individual is under the exclusive authority of the Mississippi Parole Board, though not “in custody.” Miss.Code Ann. § 47-7-5 (Rev. 2011). Similarly, an individual on probation is not “in custody” of MDOC but remains subject to the jurisdiction of the circuit court. Miss.Code Ann. § 47-7-37 (Rev.2011). Prior to the amendment, these individuals on probation or parple whose probation or parole had not been revoked would have no standing to bring a PCR motion since they were not “in custody.” Under the amendment, they clearly do. Another obvious example would be an individual who, at the time of filing, was in custody of a foreign state but still subject to sex-offender registration for a five-year period based on a Mississippi conviction. The amended language would unquestionably give him standing to file a PCR motion in the Mississippi court of conviction to collaterally attack his Mississippi conviction. In such circumstances as enumerated above, the filing of a PCR motion would certainly not be “meaningless” as the majority asserts. The amendment specifically abolished the “in custody” requirement and granted such convicted offenders standing. The future will undoubtedly bring other less obvious scenarios to light that will require this Court’s analysis of the PCR petitioner’s standing. When a convicted offender not on parole, probation, civilly committed, or subject to sex-offender registration files a PCR motion and legitimately claims newly discovered evidence, such as DNA evidence, conclusively proving actual innocence, and the State acknowledges such evidence does prove actual innocence, this Court may well hesitate before dismissing for lack of standing. At that time, this Court may conclude such an individual should not be denied the right to present evidence that could clear his record and relieve him of *652 the collateral consequences placed upon him by his status as a convicted felon. Therefore, I submit that under the present language of the statute, convicted offenders such as Brown do have standing to file a PCR motion even though not in the physical custody of the MDOC at the time of filing.
¶23. Lastly, the majority would find that “[a] limited exception allows movants who are not in the custody of the MDOC, but are in custody outside of Mississippi, to have a PCR motion heard in a Mississippi court.” Maj. Op. at (¶ 14). Relying on Putnam v. Epps, 963 So.2d 1232, 1234 (¶ 6) (Miss.Ct.App.2007) (quoting Unruh v. Puckett, 716 So.2d 636, 639 (¶ 11) (Miss.1998)), the majority submits that a petitioner who is incarcerated in another state and “ ‘but for that incarceration would be subject to imprisonment here [in Mississippi]’ is ‘in custody1 for purposes of section 99-39-5.” Obviously, both Putnam and Unruh predate the 2009 amendment and clearly illustrate circumstances where both this Court and the Mississippi Supreme Court have relaxed, if you will, the standing requirement and held the petitioner may proceed even though he was not “in custody” of the state of Mississippi at the time of filing. In Putnam, James Putnam was a federal inmate serving his sentence in a Kentucky federal facility. Putnam, 963 So.2d at 1233 (¶ 1). However, he was also then serving a Mississippi circuit court sentence that ran concurrently with his federal sentence. Id. Unruh is an unusual case. David Unruh was a convicted felon serving a South Dakota sentence in a South Dakota prison. Unruh, 716 So.2d at 638 (¶ 5). Unruh had been serving a sentence in a Mississippi facility when he agreed to act as an informant and federal witness in a prison money order scam. Id. at (¶ 2). In exchange for his involvement, he was to allowed to serve the remainder of his prison sentence in a federal facility. Id. at (¶ 3). Unruh was transferred to a federal facility in Alabama, but was soon thereafter returned to a Lowdnes County, Mississippi correctional facility. Id. at (¶ 4). He then escaped from the Lowdnes County facility and fled to South Dakota. Id. at (¶¶ 4-5). Unruh committed a crime in South Dakota, resulting in his incarceration there. Id. at (¶ 5). Mississippi had placed a “hold” on him while he was incarcerated in South Dakota. Id. at 639 (¶ 11). Both Putnam and Unruh were found to have standing to file a PCR motion even though not “in custody.” While I recognize that both this Court and the supreme court relaxed the standing requirement in Putnam and Unruh, I do not agree that this exception to the custody requirement remains the only valid exception, particularly after the Mississippi Legislature’s 2009 amendment to the PCR statute.
¶ 24. I agree with the majority’s affirmation of the circuit court’s dismissal of Brown’s PCR motion as time-barred and the majority’s application of the success-writ bar, but I must respectfully dissent from the majority’s gratuitous analysis and discussion of standing and the 2009 amendment to section 99-39-5.
GRIFFIS, P.J., MAXWELL AND FAIR, JJ., JOIN THIS OPINION.

. Although neither party raises standing as an issue in its brief, it is well settled that it is the duty of this Court to determine if there is proper jurisdiction before addressing the merits. See, e.g., Winborn v. State, 213 Miss. 322, 323, 56 So.2d 885, 885 (1952).

. "To the extent that Wilson and Brown state or imply that a PCR petitioner who filed a PCR petition after March 16, 2009, must still be in custody for the conviction he is currently attacking, I submit that those two cases should be overruled.” Brown II, 83 So.3d at 464 (¶ 15).