FAIR, J.,
for the Court:
¶ 1. Herman Saunders appeals the Rankin County Circuit Court’s dismissal of his motion for post-conviction relief. Finding no error, we affirm.
FACTS
¶ 2. In March 1997, Saunders was convicted in the Lamar County Circuit Court of two counts of capital murder. He was sentenced on April 4, 1997, to serve two consecutive life sentences as a habitual offender, without eligibility for parole, in the custody of the Mississippi Department of Corrections. His convictions were affirmed on appeal by this Court in 1999. Saunders v. State, 733 So.2d 325, 333 (¶ 35) (Miss.Ct.App.1999).
¶ 3. In 2010 and 2011, Saunders requested leave to file a motion for PCR in the trial court. The Mississippi Supreme Court denied both motions. Saunders then filed a petition for writ of habeas *1052 corpus in the Circuit Court of Rankin County. His petition was dismissed without a hearing pursuant to Mississippi Code Annotated 99-39-11(2) (Supp.2011). He now appeals.
STANDARD OF REVIEW
¶ 4. The circuit court may summarily dismiss a PCR motion without an evi-dentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right; and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 5. “When reviewing a lower court’s decision to deny a petition for post[-]conviction relief [an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). We review questions of law de novo. See Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
¶ 6. Section 99-39-3 of the Mississippi Code Annotated (Rev.2007) specifically repeals the common-law writs relating to post-conviction collateral relief, such as habeas corpus and the statutory post-conviction habeas corpus. The relief formerly afforded by those writs may now be obtained through a motion for post-conviction relief. Id. Further, under the chapter entitled “Habeas Corpus,” section 11-43-3 of the Mississippi Code Annotated (Rev.2002) provides: “This chapter shall not apply to any collateral relief sought by any person following his conviction of a crime. Such relief shall be governed by the procedures prescribed in the Mississippi Uniform Posb-Conviction Collateral Relief Act.” Thus, Saunders’s petition for a writ of habeas corpus was properly treated as a motion for post-conviction relief by the circuit court. See Jackson v. State, 915 So.2d 484, 485 (¶ 4) (Miss.Ct.App.2005).
¶ 7. Mississippi Code Annotated section 99-39-7 (Supp.2011) states that where a conviction has been affirmed on appeal, a motion for post-conviction relief shall not be filed in the trial court unless an order allowing such a filing is entered by the Supreme Court of Mississippi.
¶ 8. Saunders filed two motions for permission to proceed in the trial court, but both were denied. Because Saunders was not granted permission from the supreme court, the circuit court lacked jurisdiction to entertain his request for post-conviction relief. Similarly, this Court lacks jurisdiction to entertain an appeal of that action. See Crosby v. State, 982 So.2d 1003, 1005 (¶ 6) (Miss.Ct.App.2008). We affirm the circuit court’s judgment of dismissal.
¶ 9. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.