# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00141-COA

**HERMAN SAUNDERS**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/10/2018 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HERMAN SAUNDERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     On February 24, 1994, Herman Saunders was charged with one count of conspiracy to commit murder and two counts of capital murder for the deaths of Bennie Brown and Natasha Cole. The conspiracy charge was later dropped. After a jury trial in the Lamar County Circuit Court in March 1997, Saunders was convicted of both counts. A bifurcated sentencing hearing was held on March 31, 1997, in which the court determined that Saunders was a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 1994), and Saunders was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections for each capital murder count without eligibility for parole, probation, or early release. This Court affirmed these convictions in *Saunders v. State*, 733 So. 2d 325, 333

(¶35) (Miss. Ct. App. 1998).

¶2. In 2010 and 2011, Saunders filed two separate motions with the Mississippi Supreme Court, requesting application for leave to file a motion for post-conviction relief (PCR) in the circuit court. Both motions were denied. Nevertheless, Saunders filed a petition for writ of habeas corpus in the Rankin County Circuit Court. The court dismissed the petition without a hearing, and Saunders appealed. This Court affirmed the circuit court's decision, finding that because the supreme court did not grant Saunders permission to file his petition, "the circuit court lacked jurisdiction to entertain his request for post-conviction relief." *Saunders v. State*, 119 So. 3d 1051, 1052 (¶8) (Miss. Ct. App. 2012). On February 3, 2016, the supreme court denied a subsequent application for leave filed by Saunders, finding that it was "barred by both time and as a successive application" and that his challenge to the validity of his indictment was without merit.

¶3. On November 13, 2017, Saunders filed a petition for writ of habeas corpus with the Lamar County Circuit Court, asserting that the jury instructions constructively amended his indictment and that he was subjected to ineffective assistance of counsel. Treating Saunders's writ as a PCR motion, the court dismissed it for lack of jurisdiction on January 10, 2018, because Saunders had not received permission from the supreme court to file a PCR motion. Saunders appeals the circuit court's judgment.

**DISCUSSION**

¶4. The issue on appeal is whether the circuit court erred in dismissing Saunders's motion. Mississippi Code Annotated section 99-39-7 (Rev. 2015) provides that when a defendant's

2

conviction and sentence has "been affirmed on appeal or the appeal has been dismissed," a PCR motion "shall not be filed in the trial court" unless the supreme court grants the defendant leave to file the motion. As in our prior opinion in *Saunders*, 119 So. 3d 1051, there is nothing in the record to indicate Saunders was granted leave by the supreme court to proceed with his PCR motion in circuit court.

¶5. In addition to reasserting the issues raised in his writ for habeas corpus, Saunders also contends on appeal that the circuit court erred in "reasoning . . . that the habeas[-]corpus relief was abolished by the Uniform Post-Conviction Collateral Relief Act" (UPCCRA) and claims that his petition for habeas corpus "was an [ac]ceptable document within which to address th[ese] issue[s]." We find no merit to Saunders's claim. The UPCCRA specifically repealed the statutory writ of error coram nobis and abolished the common law writs relating to post-conviction collateral relief, including post-conviction habeas corpus. *See Edmond v. Miss. Dep't of Corr.*, 783 So. 2d 675, 677 (¶8) (Miss. 2001) (citing Miss. Code Ann. § 99-39-3 (Rev. 2000)) (noting that the UPCCRA "repealed post-conviction use of habeas corpus and implemented a motion framework specifically for post-conviction collateral review of challenges to convictions or sentences, as opposed to pre-conviction challenges"). The UPCCRA, "in the pure post-conviction collateral relief sense, is arguably 'post-conviction habeas corpus renamed.'" *Putnam v. Epps*, 963 So. 2d 1232, 1234 (¶5) (Miss. Ct. App. 2007) (quoting *Walker v. State*, 555 So. 2d 738, 740-41 (Miss. 1990)).

¶6. Accordingly, Saunders must follow the procedures outlined in the UPCCRA. He did not do so. We affirm the circuit court's dismissal for lack of jurisdiction.

3

¶7.     **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**